UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLE K. GREER,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

File No. 5:05-CV-174

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In a Report and Recommendation ("R&R") dated August 7, 2006, the Magistrate Judge recommended that the final decision of the Commissioner of Social Security denying Plaintiff Carole K. Greer's claim for disability insurance benefits ("DIB") be affirmed. This action is currently before the Court on Plaintiff's objections to the R&R and the Commissioner's response to those objections. This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Plaintiff appealed the Commissioner's denial of benefits based upon her contention that the ALJ erroneously found that her testimony with respect to the extent and severity of her impairments and resulting functional limitations was not fully credible. The Magistrate Judge found that the ALJ's credibility determinations were supported by substantial evidence.

Plaintiff has objected to the Magistrate Judge's reasoning on three of her four assignments of error.

Plaintiff's first objection is to the Magistrate Judge's statement that she failed to cite "legal authority for the proposition that the negative EMG was not a dispositive finding." Pl. Obj. at 2-3. Plaintiff has misconstrued the R&R. Plaintiff had attempted to discount the importance of the EMG by arguing that "the negative EMG was not a dispositive finding," and the Magistrate Judge noted that Plaintiff had cited no legal authority in support of this proposition. R&R at 7. The Magistrate Judge was not noting the absence of legal authority to support the factual proposition that the negative EMG was not a dispositive finding. The Magistrate Judge merely noted the absence of legal authority to support Plaintiff's legal proposition that the ALJ should not have relied on a negative EMG that was not a dispositive finding. The Magistrate Judge correctly noted that it was appropriate for the ALJ to take objective test results into consideration when determining the credibility of Plaintiff's subjective complaints.

Plaintiff also objects to the Magistrate Judge's analysis because it fails to consider other evidence on the record, including testing after Plaintiff's disability insured status expired, that tended to support a physical basis for Plaintiff's complaints. The presence of other evidence in the record that might support an alternative credibility determination does not undermine the Magistrate Judge's determination that the ALJ's credibility was supported by substantial evidence. The post-insured status evidence of some physical basis for

Plaintiff's complaints does not establish either the existence of Plaintiff's symptoms at an earlier date, nor the extent and severity of her impairments. Accordingly, this evidence is not sufficient to suggest that the ALJ's finding that her symptoms were not disabling prior to March 31, 2002, was unreasonable.

With respect to her second assignment of error, Plaintiff objects to the Magistrate Judge's statement that Plaintiff attempted to "isolate" the ALJ's reference to motorcycle riding as a basis for overturning the ALJ's credibility determination. She also contends that the 1998 motorcycle riding statement was irrelevant to her disability claim in 2002.

The Magistrate Judge properly noted that the motorcycle riding was only one of many factors considered by the ALJ in making the credibility determination. He recognized that Plaintiff's 1998 statement did not establish that Plaintiff continued to ride motorcycles from 1999 to 2002. However, he noted that Plaintiff's own testimony at her disability hearing made the statement relevant because she persisted in claiming total disability since her August 1996 automobile accident. (A.R. 586). The Court agrees with this reasoning.

Finally, Plaintiff objects to the Magistrate Judge's characterization of the ALJ's erroneous representation of the hearing testimony as "inconsequential." Plaintiff contends that a credibility determination based upon a misrepresentation of the record cannot be considered inconsequential. The Court disagrees. The Magistrate Judge correctly determined that although the specific question and answer recited by the ALJ are not found in the hearing transcript, the essence of the exchange was reflected in a series of questions

and answers, and there was sufficient evidence in the record to support the ALJ's determination that Plaintiff's claim of a need to lie down for pain relief was not credible.

The Court agrees with the Magistrate Judge that the ALJ's assessment of Plaintiff's credibility was supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED** that the August 7, 2006, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.


Date:   November 14, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE